# EXHIBIT A

Verification, Case Docket and Superior Court Documents

VERIFICATION

STATE OF ARIZONA    )
                           ) ss.
COUNTY OF MARICOPA )

I, Byron J. Babione, hereby state, under the penalty of perjury, that the following information is true to my knowledge, information and belief:

1.     I am one of the attorneys for Defendant State of Arizona in the matter of *Jocelyn Kinsey v. State of Arizona, et al.,* CV2020-092467, currently pending in the Superior Court of the State of Arizona, County of Maricopa, before the Honorable Tracey Westerhausen.

2.     On May 15, 2020, I filed a Notice of Removal under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446 seeking to remove *Jocelyn Kinsey v. State of Arizona, et al.,* CV2020-092467, to the United States District Court for the District of Arizona.

3.     In compliance with 28 U.S.C. § 1441(a), 28 U.S.C. § 1446 and LRCiv. 3.6(b), I certify that the attached documents are true and accurate copies of pleadings and other documents that were filed in the Superior Court of the State of Arizona, Maricopa County *Jocelyn Kinsey v. State of Arizona, et al.,* CV2020-0924676.  Also attached is a true and accurate copy of the court docket in *Jocelyn Kinsey v. State of Arizona, et al.,* CV2020-092467

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this 15th day of May, 2020.

_____
BYRON J. BABIONE

#8722628

 ❯ Docket

# Civil Court Case Information - Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2020-092467 | Judge: | Westerhausen, Tracey |
| File Date: | 3/17/2020 | Location: | Southeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Jocelyn Kinsey | Plaintiff | Female | Jody Broaddus |
| State Of Arizona | Defendant | | Pro Per |
| Tremaine Jackson | Defendant | Male | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date |
|---|---|---|
| 5/11/2020 | AFS - Affidavit Of Service | 5/12/2020 |
| **NOTE:** STATE OF ARIZONA | | |
| 3/17/2020 | COM - Complaint | 3/20/2020 |
| 3/17/2020 | CCN - Cert Arbitration - Not Subject | 3/20/2020 |
| 3/17/2020 | CSH - Coversheet | 3/20/2020 |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

JEFF FINE
Clerk of the Superior Court
By Michelle Messmer, Deputy
Date 03/17/2020 Time 11:10:00
Description                      Amount
--------- CASE# CV2020-092467 ---------
CIVIL NEW COMPLAINT               333.00
----------------------------------------
TOTAL AMOUNT                      333.00
                 Receipt# 27705564

**Marc J. Victor, SBN 016064**
**Jody L. Broaddus, SN 020122**
ATTORNEYS FOR FREEDOM
3185 South Price Road
Chandler, Arizona 85248
Phone: (480) 755-7110
Fax: (480) 857-0150
Marc@AttorneyForFreedom.com
Jody@AttorneyForFreedom.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JOCELYN KINSEY, an individual,<br><br>            Plaintiffs,<br><br>v.<br><br>STATE OF ARIZONA, a municipal entity, and TREMAINE JACKSON, in his official and individual capacities,<br><br>            Defendants. | Case No.:   CV2020-092467<br><br>**COMPLAINT**<br><br>**(42 U.S.C. § 1983 Violations, Intentional Infliction of Emotional Distress, and Assault)** |

Plaintiff Jocelyn Kinsey, by and through undersigned counsel, for her Complaint against Defendants alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff brings this action pursuant to 42 U.S.C § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution; and pendent state common and statutory laws.

2.      Jurisdiction and venue are proper in the Court pursuant to A.R.S. § 12-122, *et seq.*

3.      The events at issue in this lawsuit occurred in the State of Arizona.

4.      Plaintiff is, and was at all material times, a resident of the State of Arizona.

5.    Defendant State of Arizona (hereinafter referred to as "Arizona") is a municipal corporation formed and designated as such pursuant to Title 9 of the Arizona Revised Statutes. Arizona is subject to a civil suit and may be held liable both independently and vicariously, as permitted by federal and state law, for the wrongful conduct of its officers, employees, agents, districts, and divisions/sub-divisions, including the Arizona Game and Fish Department ("AZGF") and its officers and employees.

6.    At all times material to this Complaint, Defendant Tremaine Jackson ("Jackson") was resident of the State of Arizona.

7.    At all times material to this Complaint, Defendant Jackson was an agent and employee of Defendant Arizona and was acting within the course and scope of is employment with the Arizona Department of Public Safety.  Defendant Jackson is sued both in his official and individual capacities for purposes of Plaintiff's claims under 42 U.S.C. § 1983.

8.    On or about September 13, 2019, Plaintiff timely submitted a notice of claim pursuant to A.R.S. § 12-821.01 for damages arising from the events complained of and alleged herein.

**DISCOVERY TIER**

9.    Pursuant to Ariz. R. Civ. P. 26.2(c)(3), the Court should assign this case to the following tier based on the amount of damages requested:

☐ Tier 1 = Actions claiming $50,000 or less in damages.

☐ Tier 2 = Actions claiming more than $50,000 and less than $300,000.00 in damages, OR Actions claiming nonmonetary relief.

☒ Tier 3 = Actions claiming $300,000 or more in damages.

**GENERAL ALLEGATIONS**

1        10.    On March 17, 2019, Claimant Jocelyn Kinsey ("Claimant") was driving her vehicle

2  in Phoenix, Arizona when she was stopped by Arizona Department of Public Safety ("DPS")

3  Trooper Tremaine Jackson ("Trooper Jackson"). Claimant's friend was a passenger in the vehicle.

4        11.    After stopping Claimant's car, Trooper Jackson stated Claimant was speeding and

5  asked Claimant to get out of the vehicle.

6        12.    Claimant was not speeding and was immediately terrified because she did not

7  understand why she was asked to step out of the vehicle for alleged speeding. Despite this, she

8  complied with his order, and he then directed her to the back of her vehicle and began making

9  conversation with her.

10       13.    Trooper Jackson stated how pretty Claimant is and how he did not want to have to

11  cite her for speeding because of it.

12       14.    Claimant was perplexed and scared because she still didn't believe she had done

13  anything wrong, yet she did not want to upset Trooper Jackson or or make him angry. Trooper

14  Jackson asked Claimant what she was willing to do for him to avoid a citation.

15       15.    Claimant was fearful of what Trooper Jackson would do to her if she did not

16  cooperate. Trooper Jackson then began to make extremely inappropriate sexual comments and

17  requests to Claimant.

18       16.    He requested that she wash his motorcycle nude.

19       17.    He commented on Claimant's breast size and asked her to expose her breasts to him

20  to get out of the citation. Claimant stated she couldn't because of the public setting they were in.

21       18.    He then asked her to rub her breasts on him and on his police motorcycle. He also

22  asked her to rub his penis because he was getting excited from looking at her.

23       19.    Claimant further declined to perform Trooper Jackson's unlawful, coercive, and

24  depraved requests because they were in public.

25

26

20.     Trooper Jackson refused to allow Claimant to leave, and he still maintained possession of Claimant's driver's license.

21.     When Trooper Jackson seemed to realize he was not going to be successful in coercing Claimant into any sexual activities here, Trooper Jackson asked Claimant if she had Snapchat and if she would add him as a friend.  Claimant denied having Snapchat.

22.     Trooper Jackson further asked for Claimant's phone number demanding that she message him nude photos of her breasts.

23.     Under duress, Claimant finally agreed and gave her phone number to Trooper Jackson, with no intent to fulfill the agreement, but was hopeful Trooper Jackson would let her go if she agreed at that point.  Trooper Jackson gave her driver's license back to her once he got her phone number.

24.     Before he allowed Claimant to leave, Trooper Jackson stated that he was married and to not speak about what happened with him during the stop with anyone.

25.     Claimant then returned to her vehicle and immediately explained what had transpired to her friend, who was still in the passenger's seat during the hour and a half traffic stop.

26.     Claimant was later contacted by DPS because Trooper Jackson was under investigation for at least eight separate occasions where he attempted to engage in sexual activities with women while in the course and scope of his employment with DPS.

27.     Currently, Trooper Jackson is facing 61 counts of various criminal charges, including, but not limited to, sexual abuse, attempted sexual abuse, attempted sexual assault, unlawful sexual conduct, sexual extortion, unlawful imprisonment, kidnapping, harassment, forgery, fraudulent schemes and artifices, fraudulent schemes and practices, willful concealment, and tampering with a public record, all related to his crusade to victimize women during unlawful, baseless traffic stops.

28.     Defendant Jackson deliberately disregarded and failed to employ proper protocols and use proper methods to execute a traffic stop.

29.     Defendant Jackson was unlawful, unnecessary, and unreasonable in his detainment of Plaintiff.   The subsequent assault of Plaintiff was unlawful, unprovoked, unwarranted, unjustified, callous, depraved, perverted, and disturbing.

30.     The acts and omissions of Defendant Jackson alleged herein were taken on behalf of, for the benefit of, and as agents of Defendant Arizona.  Also, such acts and omissions occurred in the course and scope of the Trooper's employment with Defendant Arizona.  Upon information and belief, the acts and omissions were either authorized by, were directed or caused by, or were consistent with or performed pursuant to policies, practices, and customs of Defendants Chandler. Therefore, Defendant Arizona is liable for all such acts and omissions, as well as Plaintiff's injuries and damages that result from such acts and omissions.

31.     Defendant's wrongful conduct deprived Plaintiff's rights secured to her by the Constitution and the laws of the United States, including, among other things:
    a.     The right to be free from unreasonable search or unreasonable seizure;
    b.     The right to be free from the use of unreasonable, unjustified, and excessive force;
    c.     The right to be free from deprivation of life, liberty, or property without due process of law; and
    d.     The right to be free from summary punishment.

32.     Defendants' wrongful acts and omissions have had, and will continue to have, an extremely detrimental impact on the Plaintiff, and her damages are significant.  Plaintiff was subject to unlawful force by the Defendants, which has resulted in lifelong damages.  As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages in an amount to be proven at trial.

33.     Defendant's acts and omissions were evil, malicious, and undertaken willfully and wantonly to abuse Plaintiff with a reckless disregard of the substantial risk of serious harm to

Plaintiff.  Defendant acted with an evil mind.  Therefore, Plaintiff is entitled to punitive or exemplary damages.

34.   Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to recover her reasonable attorneys' fees and costs, including expert fees.

## COUNT ONE

### 42 U.S.C. § 1983 – Civil Rights Violations

### (Against Defendant Jackson)

35.   Plaintiff re-alleges and incorporates by reference their claims, facts, and allegations contained in the paragraphs above, as if set forth fully herein.

36.   Plaintiff was not committing any crime and was abiding all traffic laws at the time Defendant Jackson initiated a traffic stop, and there was no probable cause to believe she was in the process of committing a crime, nor reasonable suspicion.

37.   Plaintiff did not resist or attempt to flee from Defendant Jackson when he made contact with her.

38.   The traffic stop initiated by Defendant Jackson against Plaintiff was unlawful.

39.   Defendant Jackson's conduct towards Plaintiff was unlawful, unprovoked, unwarranted, unjustified, callous, depraved, perverted, and disturbing.

40.   Defendant Jackson's conduct violated clearly established constitutional rights, which any reasonable person would have known such conduct would do so.  Therefore, Defendant Jackson is not entitled to qualified immunity.

41.   Defendant's wrongful conduct and unconstitutional actions were the moving force of Plaintiff's damages.

42.   Defendant Jackson's conduct towards Plaintiff was unlawful, unprovoked, unwarranted, unjustified, callous, depraved, perverted, and disturbing.  Further, Defendant Jauregui's willful and wanton acts and omissions constitute reckless disregard and/or assault.

43. Defendant Jackson's unlawful acts against Plaintiff, violated the duties of care Defendant Jackson owed to the Plaintiff and amounts to a complete disregard for human life.

44. As a direct and proximate result of wrongful acts and omissions of Defendant Jackson, Plaintiff has suffered severe damages and emotional trauma.

45. As a direct and proximate result of wrongful acts and omissions of Defendant Jackson, Plaintiff is entitled to recover injuries and damages in an amount to be determined at trial.

46. Defendant Jackson's unlawful and malicious acts deprived Plaintiff of her rights in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

47. Defendant Jackson acted with intent to cause injury and his wrongful conduct was motivated by spite or ill will or he acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that his conduct might significantly injure the rights of Plaintiff. Defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff. Thus, deterrence and punishment are appropriate. Therefore, Plaintiff is entitled to an award for punitive damages.

**COUNT TWO**

**Intentional Infliction of Emotional Distress**

**(Against Defendant Jackson)**

48. Plaintiff re-alleges and incorporates by reference their claims, facts, and allegations contained in the paragraphs above, as if set forth fully herein.

49. Defendant Jackson's conduct was extreme and outrageous as an average member of society would regard his conduct as atrocious, intolerable in a civilized community, and beyond all possible bounds of decency. Further, his conduct has been considered criminal.

-7-

50.    Defendant Jackson's conduct was either intentional or reckless.  Defendant Jackson either sought to cause Plaintiff emotional distress or was aware of and disregarded the near certainty that the conduct would result in emotional distress.

51.    As a result of Defendant Jackson's conduct, Plaintiff has suffered severe emotional distress.

## COUNT THREE

### Assault

### (Against Defendants Jackson and Arizona)

52.    Plaintiff re-alleges and incorporates, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

53.    Defendant has a statutory and common law duty to assure the safety and well-being of persons and a duty to protect Plaintiff from harm that may be caused by the use of force under color of law.

54.    Defendant Jackson intentionally and willfully assaulted Plaintiff, and he intended to and/or had a reckless disregard toward the near certainty of harm to Plaintiff.  Defendant Jackson's conduct wrongfully and intentionally subjected Plaintiff to an unreasonable risk of serious harm.

55.    Defendant Jackson subjected Plaintiff to conduct that was unlawful, unprovoked, unwarranted, unjustified, callous, depraved, perverted, and disturbing, as alleged above.

56.    A reasonable person under the same circumstances would have known that Plaintiff was inappropriately subjected to the use of unreasonable and unjustified force by Defendant Jackson.

57.    Defendant Jackson was, at all times material hereto, acting within the course and scope of his employment with Defendant Arizona, and Defendant Arizona is vicariously liable for the actions of Defendant Jackson.

58.    Defendants' breaches of duty caused or contributed to Plaintiff's injuries.

- 8 -

59.   As the result of Defendant Jackson's assault, Plaintiff has suffered, and will continue to suffer from permanent pain, anguish, stress, shock, and mental damages; and economic and non-economic damages in an amount to be proven at trial.

60.   As a direct and proximate result of Defendants' acts and omissions, Plaintiff has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages and for judgment against Defendants as follows:

A.   General and compensatory damages in an amount to be proved at trial;

B.   For taxable costs and pre and post judgment interest to the extent permitted by law;

C.   Punitive damages in an amount deemed just and reasonable as permitted by law against Defendant Jackson;

D.   For costs and attorneys' fees against under Arizona law, the Constitution, and laws of the United States, including 42 U.S.C. § 1988;

E.   Such other and further relief which may seem just and reasonable under the circumstances.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues in this matter triable to a jury.

RESPECTFULLY SUBMITTED this _____ day of March, 2020.

ATTORNEYS FOR FREEDOM

By:_____
Jody L. Broaddus, Esq.
Marc J. Victor, Esq.
*Attorneys for Plaintiff*

In the Superior Court of the State of Arizona
in and for the County of  Maricopa

Case Number CV 2 0 2 0 – 0 9 2 4 6 7

CLERK OF THE
SUPERIOR COURT
FILED
M. MESSMER, DEP

Is Interpreter Needed?  ☐ Yes ☒ No
If yes, what language:

2020 MAR 17  AM 11:09

## CIVIL COVER SHEET- NEW FILING ONLY
### (Please Type or Print)

Plaintiff's Attorney  Jody L. Broaddus, Esq.

Attorney Bar Number  020122

| Plaintiff's Name(s):  (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|

Jocelyn Kinsey, c/o Attorneys For Freedom Law Firm, 3185 South Price Road, Chandler, Arizona 85248, 480-755-7110

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
The State of Arizona

Tremaine Jackson

(List additional Defendants on page two and/or attach a separate sheet)

## NATURE OF ACTION

(Place an "X" next to the <u>one</u> case category that most accurately describes your primary case.)

### 100 TORT MOTOR VEHICLE:

- [x] 101 Non-Death/Personal Injury
- [ ] 102 Property Damage
- [ ] 103 Wrongful Death

### 110 TORT NON-MOTOR VEHICLE:

- [ ] 111 Negligence
- [ ] 112 Product Liability – Asbestos
- [ ] 112 Product Liability – Tobacco
- [ ] 112 Product Liability – Toxic/Other
- [ ] 113 Intentional Tort

- [ ] 114 Property Damage
- [ ] 115 Legal Malpractice
- [ ] 115 Malpractice – Other professional
- [ ] 117 Premises Liability
- [ ] 118 Slander/Libel/Defamation
- [ ] 116 Other (Specify) _____

### 120 MEDICAL MALPRACTICE:

- [ ] 121 Physician M.D.   [ ] 123 Hospital
- [ ] 122 Physician D.O    [ ] 124 Other

### 130 CONTRACTS:

- [ ] 131 Account (Open or Stated)
- [ ] 132 Promissory Note
- [ ] 133 Foreclosure
- [ ] 138 Buyer-Plaintiff
- [ ] 139 Fraud
- [ ] 134 Other Contract (i.e. Breach of Contract)
- [ ] 135 Excess Proceeds-Sale
- [ ] Construction Defects (Residential/Commercial)
  - [ ] 136 Six to Nineteen Structures
  - [ ] 137 Twenty or More Structures

### 150-199 OTHER CIVIL CASE TYPES:

- [ ] 156 Eminent Domain/Condemnation
- [ ] 151 Eviction Actions (Forcible and Special Detainers)
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment
- [ ] 158 Quiet Title
- [ ] 160 Forfeiture
- [ ] 175 Election Challenge
- [ ] 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f – 070118

Case No._____

- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Special Action against Lower Courts
   (See Lower Court Appeal cover sheet in Maricopa)
- ☐ 194 Immigration Enforcement Challenge
   (A.R.S. §§1-501, 1-502, 11-1051)

### 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review
   (See Lower Court Appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
   (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 190 Declaration of Factual Innocence
   (A.R.S. §12-771)

- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☐ 185 Employment Dispute-Other
- ☐ 196 Verified Rule 45.2 Petition
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☐ 163 Other _____
   (Specify)

---

### RULE 26.2 DISCOVERY TIER or AMOUNT PLEADED:

(State the amount in controversy pleaded or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.)

☐ Amount Pleaded $ _____     ☐ Tier 1     ☒ Tier 2     ☐ Tier 3

---

### EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order     ☐ Provisional Remedy     ☐ OSC     ☐ Election Challenge
☐ Employer Sanction     ☐ Other (Specify) _____

---

### COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the commercial Court. More information on the commercial Court, including the most recent forms, are available on the Court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____
_____

**Additional Defendant(s):**

_____
_____

CLERK OF THE
SUPERIOR COURT
FILED
M. MESSMER, DEP

2020 MAR 17 AM 11: 10

1 | **Marc J. Victor, SBN 016064**
  | **Jody L. Broaddus, SN 020122**
2 | ATTORNEYS FOR FREEDOM
3 | 3185 South Price Road
  | Chandler, Arizona 85248
4 | Phone: (480) 755-7110
  | Fax: (480) 857-0150
5 | Marc@AttorneyForFreedom.com
6 | Jody@AttorneyForFreedom.com
  | *Attorneys for Plaintiff*
7

8 | IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9 | IN AND FOR THE COUNTY OF MARICOPA

10 | JOCELYN KINSEY, an individual,        Case No.: CV2020-092467

11 |        Plaintiffs,

12 | v.                                    **CERTIFICATE OF COMPULSORY**
  |                                       **ARBITRATION**
13 | STATE OF ARIZONA, a municipal entity,
  | and TREMAINE JACKSON, in his official
14 | and individual capacities,

15 |        Defendants.

16

17 | The undersigned certifies that she knows the dollar limits and any other limitations set forth

18 | by the local rules of practice for this court, and further certifies that this case is **NOT** subject to

19 | compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil

20 | Procedure.

21 | DATED this 16th day of March, 2020.

22 |                                       ATTORNEYS FOR FREEDOM

23

24 | By:
  |                                       Jody L. Broaddus, Esq.
25 |                                       Marc J. Victor, Esq.
  |                                       *Attorneys for Plaintiff*
26

Attorneys for Freedom Law Firm
3185 South Price Road
Chandler, AZ 85248
(480) 765-7110

CLERK OF THE
SUPERIOR COURT
RECEIVED SE
DOCUMENT DEPOSITORY

2020 MAY 11 AM 8: 42

FILED BY: S. Barba

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

JOCELYN KINSEY, an individual

Plaintiff,

Case Number: CV2020-092467

**RETURN OF SERVICE**

vs.

STATE OF ARIZONA, a municipal entity; et al

Defendant.

Received by Maricopa County Process Service, PLLC on the 7th day of May, 2020 at 11:10 am to be served on **STATE OF ARIZONA, a municipal entity, c/o Office of Attorney General, 2005 N Central Ave, Phoenix, AZ 85004.**

I, Gregory M Urroz, Process Server, do hereby affirm that on the **8th day of May, 2020 at 10:35 am, I:**

served a **GOVERNMENT AGENCY** by delivering a true copy of the **Summons; Complaint; Civil Case Cover Sheet; Certificate of Compulsory Arbitration**, to:   **CASSANDRA KASPERSKI** as **FACILITIES MANAGER,** a person authorized to accept service for **STATE OF ARIZONA, a municipal entity,** and informed said person of the contents therein, in compliance with State Statutes.

**Description** of Person Served: Age: 40, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 150, Hair: Dark Brown, Glasses: Y

**Service Fee Items:**
Standard Service of Process     $70.00
Total                                      $70.00

I certify that I am over the age of 21, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Gregory M Urroz, Process Server
Maricopa County, #MC8253

**Maricopa County Process Service, PLLC**
**600 E Baseline Rd**
**Suite B6**
**Tempe, AZ 85283**
**(602) 424-7474**

Our Job Serial Number: GUR-2020001588
Ref: CV2020-092467 - State of Arizona

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c