WILENCHIK & BARTNESS
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810        Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
admin@wb-law.com
*Attorney for Defendant Tremaine Jackson*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jocelyn Kinsey, an individual, | **Case No.:  2:20-cv-00949-DLR** |
| Plaintiff, | |
| vs. | **MOTION TO STAY CIVIL PROCEEDING PENDING RESOLUTION OF PARALLEL CRIMINAL CASE** |
| State of Arizona, a municipal entity; Tremaine Jackson, in his official and individual capacity, | **(Assigned to the Honorable Douglas L. Rayes)** |
| Defendants. | **(ORAL ARUGMENT REQUESTED)** |

Defendant Tremaine Jackson, by and through undersigned counsel, respectfully moves this Court for an order staying this action during the pending criminal case based on essentially the same facts. The following memorandum of Points and Authorities support this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiff Jocelyn Kinsey filed this civil action against Defendant Tremaine Jackson (Jackson), alleging that he violated her civil rights, intentionally inflicted emotional distress, and assaulted her. Jackson seeks a stay of these proceedings for the duration of the pending criminal case, CR2019-142956-001, scheduled for trial July 9, 2020, in which Jackson is represented by separate counsel. If this civil action proceeds now, Jackson will, in essence, have his fifth amendment right to be free from self-incrimination compromised, and his choice to not

incriminate himself in his criminal case equally compromised in terms of his decision whether to testify. Unlike in criminal cases, the law does not forbid overt adverse inferences against parties to civil actions who assert their right to be free from self-incrimation. While the criminal action is pending and Jackson and his attorney have the right to determine whether he will testify, if he does so in the civil case to avoid the adverse inference, the testimony can then be used against him in the criminal case, thereby compromising his right to assert his Fifth Amendment in his criminal case. If Jackson waives his Fifth Amendment right to be free from self-incrimation, he effectively waives his Fifth Amendment right in his criminal case, as he risks anything discovered in the civil case being used as evidence in the criminal case, where discovery is not as broad as it is in civil matters. Further, it has become difficult to defend this case, given Jackson's reluctance to discuss all the facts with his civil counsel, without his criminal counsel's involvement, which has been difficult to arrange. Such a stay is in the interests of justice and, accordingly, an order of this Court staying this civil proceeding is appropriate until the criminal case is resolved.

## II. LEGAL ARGUMENT

A stay of this proceeding pending the completion of the criminal case based on the same underlying facts is necessary to protect Jackson's Fifth Amendment right to be free from self-incrimation. Furthermore, the passage of time will not adversely affect Plaintiffs ability to press her case after the stay, Jackson's ability to defend this case is severely limited by the burden imposed by the ongoing criminal case, a stay would promote judicial economy, no significant outside interests are at issue, and the strong public interests in the integrity of the criminal justice system and the expeditious resolution of civil matters support a stay.

### A. A Stay is Necessary to Preserve Jackson's Constitutionally Protected Fifth Amendment Right to Be Free from Self-Incrimination.

This Court has inherent authority to stay this action during the pendency of the related criminal proceedings when the stay is in the interest of justice. *See, Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants.") The key question is whether,

in the absence of a stay, the parallel civil and criminal proceedings will result in "substantial prejudice to the rights of the parties involved." *Keating v. Office of Thrift Supervision*, 45 F.3d at 324. In this case, Jackson's Fifth Amendment right to be free from self-incrimination is substantially prejudiced. If Jackson does not assert his Fifth Amendment right to be free from self-incrimination he is effectively waiving the same right in the parallel criminal matter, as he risks discovery of information that could be used against him in the criminal case. Further if Jackson does assert his Fifth Amendment right to be free from self-incrimination, he will be prejudiced in this civil case because "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

Courts generally stay civil proceedings in light of parallel criminal proceedings if a party's Fifth Amendment rights are implicated. The Fifth Amendment provides that "[n]o person... shall be compelled in any criminal case to be a witness against himself." *U.S. Const. amend. V*. This hallmark constitutional protection can be invoked in civil proceedings as well. *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973); *Kastigar v. United States*, 460 U.S. 441, 444 (1972). In civil matters, the privilege extends to "circumstances in which the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000). The privilege "'does not depend on the likelihood, but the possibility of prosecution and also covers those circumstances where the disclosures would not be directly incriminating, but could provide an indirect link to incriminating evidence.'" *Id*., (quoting *United Liquor Co. v. Card* (*In re Seper*), 705 F.2d 1499, 1501 (9th Cir. 1983)).

In Jackson's case, anything disclosed or discovered in this civil matter could be used in his criminal prosecution, or could lead to other evidence that could be used in that manner, as contemplated by the Court in *Glanzer,* especially considering civil discovery is much broader than criminal discovery. As such, this case should be stayed until the pending criminal matter based on the same underlying facts is resolved.

**B. A Stay Is Necessary and Appropriate in Consideration of the Specific Circumstances, Competing Interests, and *Molinaro* Factors.**

In determining whether to stay a civil case when there is a parallel criminal proceeding, a court must consider the specific circumstances and competing interests in the case. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). In *Molinaro*, the Ninth Circuit laid out the following five factors to guide the Court's decision of whether to stay a civil proceeding when there is a parallel criminal proceeding:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Molinaro*, 889 F.2d at 902-03; *see also Blue Cross & Blue Shield v. Unity Outpatient*, 490 F.3d 718 (9th Cir. 2007) (remanding a case where the district court granted a motion to stay civil proceedings but did not analyze the case using the five-factor test outlined in *Molinaro*).

**1. Plaintiff's interest in proceeding is tempered by both the likely short duration of the stay sought by Defendant, and the existing preservation of evidence.**

Jackson acknowledges Plaintiff's interest in moving forward with her case. However, Plaintiff will not be prejudiced by the stay, as the pending criminal case is set for trial on July 9, 2020. Furthermore, there is no likelihood that evidence will dissipate during the stay as it has largely been preserved. It is therefore unlikely that the passage of time will adversely affect Plaintiffs ability to press her case after the stay.

**2. Defendant's ability to defend this civil case is severely limited by the burden imposed by the ongoing criminal case.**

Defendant's ability to defend, evaluate, and even participate in discovery in this case is greatly limited by the ongoing criminal case. Prior to the resolution of the ongoing criminal case,

WILENCHIK & BARTNESS
A PROFESSIONAL CORPORATION

Jackson will presumably be forced to assert and protect his fifth amendment right during discovery. This invocation would not only significantly prejudice Jackson's ability to defend this litigation, but it would also preclude Plaintiff from discovering information that would assist in prosecuting her lawsuit.

### 3. A stay would promote judicial economy.

A stay would assist the Court in the management of its cases and efficient use of judicial resources by allowing it to avoid any potential discovery problems associated with the ongoing criminal case. Until the criminal case is complete, Jackson cannot provide an initial disclosure statement or participate in any aspect of the discovery process as he risks violating his own constitutionally protected right, which is antithetical to the liberal discovery contemplated by the Federal Rules.

### 4. No significant outside interests are at issue.

Defendant is not aware of any third-party interests in the case.

### 5. The strong public interests in the integrity of the criminal justice system and the expeditious resolution of civil matters support a stay.

The fifth and final *Molinaro* factor requires the Court to consider the "interest of the public in the pending civil and criminal litigation." *Molinaro*, 889 F.2d at 903. Courts have recognized a major public interest "in a well-functioning criminal justice system." *Halliday v. Spjute*, 2008 WL 5068588 at *4. The civil lawsuit and parallel criminal case cover issues of fact and law that are inextricably intertwined. If the civil case is allowed to proceed, it will compromise Jackson's criminal case. Courts recognize that civil discovery can "distract both the defendants and the government from fully preparing their respective cases in the criminal matter." *Four in One Co., Inc. v. SK Foods, L.P.*, 2010 WL 4718751, *6 (E.D. Cal. 2010, Nov. 12, 2010).

If this civil case is not stayed until the criminal matter is resolved, Jackson's right to a fair criminal trial will be compromised. "Permitting unfettered civil discovery... would also allow the defendant to obtain discovery that would otherwise not be permitted under the more restrictive criminal rules." *Id.*, citing *Degen v. United States*, 517 U.S. 820, 825-26 (1996) (commenting that a stay of a civil forfeiture case pending disposition of a related criminal matter would avoid use

of civil discovery "to gain an improper advantage in the criminal matter"). Because anything uncovered during discovery in this civil matter could potentially be used in the pending criminal case, Jackson would be improperly disadvantaged if this civil matter is not stayed until the resolution of the criminal case.

In consideration of the criminal case, the possibility of distraction, and the potential of discovery of materials improper under the criminal rules, this case should be stayed. For these reasons, a stay of these civil proceedings is justified under the Molinaro factors for balancing the competing interests and an analysis of the particular circumstances of the case.

### III.    CONCLUSION

For the reasons set forth above, Defendant Tremaine Jackson respectfully requests that the Court stay this matter pending completion of the criminal case based on essentially the same facts and witnesses. Should the Court grant this Motion, the Defendant represents that he will inform the Court of the resolution of the Criminal case CR2019-142956-001, within two weeks of its resolution.

**RESPECTFULLY SUBMITTED** this 2nd day of July 2020.

**WILENCHIK & BARTNESS, P.C.**

*/s/ Dennis I. Wilenchik*
Dennis I. Wilenchik, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorney for Defendant Tremaine Jackson*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2020, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the registrants.

By */s/ Hilary Myers*